```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
DYSON, INC.,                            :      06 CIV. 6576 (DLC)
                                        :
                Plaintiff,              :      OPINION & ORDER
                                        :
        -v-                             :
                                        :
MAYTAG CORPORATION,                     :
                                        :
                Defendant.              :
                                        :
----------------------------------------X
```

DENISE COTE, District Judge:

Defendant Maytag Corporation ("Maytag") has moved to transfer this lawsuit to the District of Delaware, where related patent and Lanham Act litigation between these same parties has been pending since 2005. Pursuant to 28 U.S.C. § 1404, this motion to transfer is granted.

Background

Dyson, Inc. ("Dyson") filed a patent infringement action against Maytag in June 2005, in the District of Delaware, based on Maytag's Hoover Fusion brand vacuum cleaner (the "Fusion"). In August 2005, Maytag filed counterclaims against Dyson pursuant to the Lanham Act, asserting that Dyson had made false and misleading advertising claims about the suction powers of its vacuums, among other things. Document discovery in that litigation is scheduled to close later this year; the District Judge in Delaware has already construed the patent claims for the parties.

On August 31, 2006, Dyson filed this Lanham Act lawsuit,

alleging that Maytag has made false advertising claims concerning the suction power of the Fusion and the Maytag Legacy vacuums.  A preliminary injunction hearing is scheduled for December 18, 2006.  With the parties' consent, discovery taken in either the Delaware or New York action is admissible in the other litigation, and the New York schedule for merits discovery will track the Delaware schedule.

These two lawsuits are not the only litigation that has been ongoing between these parties about the suction power of their vacuums.  Before Dyson filed its patent action in Delaware, Maytag had filed a claim before the National Advertising Division of the Council of Better Business Bureaus ("NAD") about Dyson's advertising.  Maytag discontinued the challenge after being sued in Delaware, and filed its Lanham Act counterclaims within the patent action.  In contrast, after filing its lawsuit in Delaware, Dyson filed its own NAD claim against Maytag.  In April and August 2006, the NAD issued rulings critical of Maytag.  Dyson filed this action after obtaining the second of those rulings.

Neither party has any special connection to New York.  They are incorporated elsewhere and have their principal places of business elsewhere.  Neither party has identified a witness that resides in New York.  The testing programs that are at issue here were undertaken in laboratories outside New York.  Even the advertising campaigns that are at issue followed decisions made in business locations outside of New York.

Discussion

The standard for a motion to transfer pursuant to 28 U.S.C. § 1404 is well established.  Section 1404 provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  A district court has broad discretion to grant or deny motions to transfer and makes its determination based on "notions of convenience and fairness on a case-by-case basis." In re Cuyahoga Equip. Corp., 980 F.2d 110, 117 (2d Cir. 1992); see also Int'l Bus. Mach. Corp. v. Fair Isaac Corp., 05 Civ. 10296 (DLC), 2006 WL 726034, at *1-2 (Mar. 23, 2006).  The movant bears the burden of establishing that transfer is warranted. Fair Isaac, 2006 WL 726034, at *1.  If the transferee court also has jurisdiction over the case, the Court must determine whether, considering the "convenience of parties and witnesses" and the "interest of justice," a transfer is appropriate.  The factors a court considers in making that determination include

> (1) the convenience of witnesses, (2) the convenience of the parties, (3) the location of relevant documents and the relative ease of access to sources of proof, (4) the locus of operative facts, (5) the availability of process to compel the attendance of unwilling witnesses, (6) the relative means of the parties, (7) the forum's familiarity with the governing law, (8) the weight accorded the plaintiff's choice of forum, and (9) trial efficiency and the interest of justice, based on the totality of the circumstances.

Berman v. Informix Corp., 30 F. Supp. 2d 653, 657 (S.D.N.Y. 1998).  A court should not disturb a plaintiff's choice of forum "unless the defendants make a clear and convincing showing that

the balance of convenience favors defendants' choice."  Id. at 656.

Most of the Section 1404 factors may be quickly assessed.  New York has no connection to the operative facts.  Retaining the litigation in New York or transferring it to Delaware will have no impact on the availability of process to compel the attendance of witnesses.  The parties, each of whom is a substantial corporation, are equally able to litigate the litigation in New York or Delaware.  Access to documents will not be affected by retaining or transferring the litigation.  Both fora are familiar with the governing law.

The witnesses for this litigation have no connection to either New York or Delaware.  While New York may be slightly more convenient to witnesses because it is a major travel hub, the court in Delaware is close to its own major airport, the Philadelphia airport.  Moreover, most of the witnesses who will need to travel to trial for this litigation will also have to travel to Delaware for the patent and Lanham Act litigation that is ongoing there.  From that perspective, it will be far more convenient for those witnesses to have this litigation transferred to Delaware because there is a possibility that the litigation will be consolidated for trial, and that only one trip to provide testimony will be necessary.

Despite Dyson's protests, Delaware is a more convenient forum for all of the parties because of the ongoing related litigation.  Dyson chose Delaware as the forum for its patent

4

litigation over vacuums and is hard pressed now to explain why Delaware would be an inconvenient forum for its Lanham Act claims.

Issues of trial efficiency and the interests of justice strongly favor a transfer to Delaware.  The Delaware court is already addressing Maytag's Lanham Act vacuum claims, and the claims Dyson brings in this lawsuit are largely a mirror image of the Lanham Act Delaware litigation.  It would be a profound waste of judicial and party resources to conduct two trials where one could suffice.  While it remains to be seen whether the claims are properly consolidated for trial, at this point it would seem highly likely that that would be done if the claims were pending before the same judicial officer.  If this lawsuit is transferred, the Delaware court may assess the issue of consolidation at the appropriate time.

In sum, each of these factors is neutral regarding a transfer or favors a transfer.  While a plaintiff's choice of forum is usually entitled to considerable weight, and should not be disturbed unless the balance of factors weighs strongly in favor of the defendant, this is not the usual case.  Dyson itself filed the related litigation in Delaware, which has been ongoing there for over a year.  Maytag has shown that in these circumstances, Dyson's prior choice of Delaware as a forum trumps its more recent choice of New York for related litigation.

## Conclusion

The motion by Maytag Corporation to transfer this lawsuit to the District of Delaware is granted.

SO ORDERED:

Dated:     New York, New York
           October 11, 2006

```
                              _____
                                     DENISE COTE
                              United States District Judge
```